NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0217n.06

No. 18-3708

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 26, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESUS CARO LOPEZ, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SUHRHEINRICH, THAPAR, and LARSEN, Circuit Judges.

PER CURIAM. The district court approved an application pursuant to Title III for the interception of wire and electronic communications from two cell phones suspected of being used in a drug trafficking organization. The interception led to the indictment of Jesus Caro Lopez and twelve co-defendants on a variety of drug trafficking charges. Caro Lopez moved to suppress the evidence collected through the wiretaps; he also moved for a *Franks* hearing. *See Franks v. Delaware*, 438 U.S. 154 (1978). The district court denied his motion and his request for a hearing. Caro Lopez then entered a conditional guilty plea to one count of conspiracy to possess with intent to distribute methamphetamine and cocaine, two counts of distribution of methamphetamine, one count of conspiracy to commit money laundering, and one count of use of a communication facility in a felony related to controlled substances. His plea reserved the right to appeal the district court's denial of the suppression motion.

On appeal, Caro Lopez claims that the district court erred by denying his motion to suppress because the warrant affidavit neither established probable cause to support the Title III wiretap applications nor complied with Title III's necessity doctrine. *See* 18 U.S.C. § 2518(3)(c). He also claims the district court erred by denying his request for a *Franks* hearing.

In a well-reasoned opinion, the district court ably summarized the ninety-one-page warrant affidavit and demonstrated why that affidavit both established probable cause and comported with the necessity doctrine. The district court also explained that, although one statement in the warrant affidavit was inaccurate, Caro Lopez had failed for two reasons to establish his entitlement to a *Franks* hearing. First, he had failed to meet the "heavy burden" of making "a substantial preliminary showing" that the statement was either intentionally false or made in reckless disregard of the truth. *United States v. Stewart*, 306 F.3d 295, 304–05 (6th Cir. 2002). Second, he had not demonstrated that, without the inaccurate statement, the Title III order would not have issued. *Franks*, 438 U.S. at 155–56.

After carefully reviewing the record, the parties' briefs, and the applicable law, this court has determined that the district court's judgment should be affirmed. The district court's opinion carefully and correctly states the facts and the governing law and explains its reasoning, with which we agree. No jurisprudential purpose would be served by a panel opinion. We, therefore, AFFIRM the judgment for the reasons stated in the district court's opinion and order dated March 13, 2018.